In re Petition for DISCIPLINARY AC-
TION AGAINST Matthew K. BE-
GESKE, a Minnesota Attorney, Regis-
tration No. 209764.

No. A08–2013.

Supreme Court of Minnesota.

Dec. 2, 2008.

ORDER

The Director of the Office of Lawyers
Professional Responsibility has filed a peti-
tion for disciplinary action alleging that
respondent Matthew K. Begeske commit-
ted professional misconduct warranting
public discipline, namely, neglect of a
client matter, failure to communicate with
the client, failure to prepare a written fee
agreement and failure to account for fees
received, in violation of Minn. R. Prof.
Conduct 1.3, 1.4(a)(3), 1.5(b), 1.15(c)(1) and
(c)(3).

Respondent admits the allegations of the
petition and waives his procedural rights
under Rule 14, Rules on Lawyers Profes-
sional Responsibility (RLPR). The parties
jointly recommend that the appropriate
discipline is a 30-day suspension followed
by two years of supervised probation.

The court has independently reviewed
the file and approves of the stipulated
disposition.

Based upon all the files, records, and
proceedings herein,

IT IS HEREBY ORDERED that re-
spondent Matthew K. Begeske is suspend-
ed for 30 days, effective 7 days from the
date of filing of this order, subject to the
following conditions:

(a) Respondent shall be conditionally re-
instated following the end of the suspen-
sion period provided that, at least 15
days before the end of the suspension
period, respondent files with the Clerk
of Appellate Courts and serves upon the
Director an affidavit establishing that
respondent is current in continuing legal
education requirements, has complied
with Rules 24 and 26, RLPR, and has
satisfactorily complied with all other
conditions imposed by this order.

(b) Upon reinstatement, respondent
shall be placed on supervised probation
for a period of 2 years, subject to the
following conditions:

(1) Respondent shall cooperate fully
with the Director's Office in its efforts
to monitor compliance with this proba-
tion. Respondent shall promptly re-
spond to the Director's correspon-
dence by the due date. Respondent
shall provide the Director with a cur-
rent mailing address and shall imme-
diately notify the Director of any
change of address. Respondent shall
cooperate with the Director's investi-
gation of any allegations of unprofes-
sional conduct that may come to the
Director's attention. Upon the Di-
rector's request, respondent shall pro-
vide authorization for release of infor-
mation and documentation to verify
compliance with the terms of this pro-
bation.

(2) Respondent shall abide by the
Minnesota Rules of Professional Con-
duct.

(3) Respondent shall be supervised by
a licensed Minnesota attorney, ap-
pointed by the Director to monitor
compliance with the terms of this pro-
bation. Within 2 weeks from the date
of filing of this order, respondent shall
provide the Director with the names
of three attorneys who have agreed to
be nominated as respondent's supervi-
sor. If, after diligent effort, respon-
dent is unable to locate a supervisor
acceptable to the Director, the Di-
rector shall seek to appoint a supervi-

sor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with the inventory of active client files described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(4) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall submit to the supervisor an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(5) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and others interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(6) Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1 to the Rules of Professional Conduct. These books and records shall include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips, and bank reports of interest, service charges, and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director within 30 days of the date of entry of this order and thereafter at such intervals as the Director deems necessary to determine compliance.

(c) Respondent shall successfully complete the professional responsibility portion of the state bar examination within one year of the date of filing of this order.

(d) Respondent shall pay costs of $900 pursuant to Rule 24(a), RLPR.

(e) Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

BY THE COURT:

/s/ Alan C. Page
Associate Justice